IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-251-D

JOHN LASCHKEWITSCH,            )
                               )
                Plaintiff,     )
                               )
        v.                     )    ORDER
                               )
LEGAL & GENERAL AMERICA, INC., d/b/a )
BANNER LIFE INSURANCE COMPANY, )
                               )
                Defendant.     )

On June 13, 2016, John Laschkewitsch ("Laschkewitsch" or "plaintiff") filed a motion seeking to compel production of documents from Banner Life Insurance Company ("Banner" or "defendant"), to stay discovery, and to change the venue of Banner's deposition of Laschkewitsch [D.E. 51], along with a supporting memorandum [D.E. 52]. On June 24, 2016, Banner moved to strike Laschkewitsch's memorandum in support for exceeding the page-length limitation in this court's Local Civil Rules [D.E. 58] and responded in opposition to Laschkewitsch's motion [D.E. 59]. On July 21, 2016, Laschkewitsch responded in opposition to Banner's motion to strike [D.E. 77].[1] On July 25, 2016, Banner replied [D.E. 81]. As explained below, the court grants Banner's motion to strike and denies Laschkewitsch's motion to compel, to stay discovery, and to change venue.

---

[1] Laschkewitsch's response was untimely under this court's Local Civil Rules. See Local Civ. R. 7.1(f). He neither sought an extension for filing his response in opposition nor offered a credible explanation for his tardiness. Laschkewitsch is familiar with this court's Local Civil Rules, and the court therefore declines to consider his response. Cf. Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc., No. 5:13-CV-315-BO, 2014 WL 2587637, at *1–2 (E.D.N.C. June 10, 2014) (unpublished).

I.

First, the court considers Banner's motion to strike Laschkewitsch's memorandum filed in support of his motion to compel, to stay discovery, and to change venue. See [D.E. 58]. Laschkewitsch's supporting memorandum totals 30 pages, excluding exhibits. See [D.E. 52]. This court's Local Civil Rules limit memoranda filed in support of motions relating to discovery disputes to 10 pages. See Local Civ. R. 26.1(d)(1). Laschkewitsch's error cannot be attributed to unfamiliarity with this court's Local Civil Rules, because he has litigated three other cases in the Eastern District of North Carolina involving essentially the same subject matter. See, e.g., Laschkewitsch v. Am. Nat'l Life Ins. Co., No. 5:15-CV-21-D, 2016 WL 4184422 (E.D.N.C. Aug. 5, 2016) (unpublished), appeal dismissed, No. 16-2003, 2016 WL 7378888 (4th Cir. Dec. 20, 2016) (per curiam) (unpublished); Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc., 47 F. Supp. 3d 327 (E.D.N.C. 2014), appeal dismissed, 616 F. App'x 102 (4th Cir. 2015) (per curiam) (unpublished); Reliastar Life Ins. Co. v. Laschkewitsch, No. 5:13-CV-210-BO, 2014 WL 2211033 (E.D.N.C. May 28, 2014) (unpublished), aff'd, 597 F. App'x 159 (4th Cir.) (per curiam) (unpublished), cert. denied, 136 S. Ct. 593 (2015). Indeed, this court has already warned Laschkewitsch that "[t]hough plaintiff is proceeding pro se and the Court may not hold him to the same standards as an attorney, he is still expected to comply with the rules of procedure and is advised to familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules of this Court." Lincoln Life & Annuity Distribs., Inc., 2014 WL 2587637, at *1–2. Thus, the court grants Banner's motion to strike Laschkewitsch's supporting memorandum.

II.

On October 26, 2015, Laschkewitsch served discovery requests on Banner. See Pl.'s First Produc. Req. [D.E. 47-7]. On November 30, 2015, Banner responded. See Def.'s Resp. Pl.'s First

Produc. Req. [D.E. 47-8]. Laschkewitsch now moves to compel production of documents, claiming Banner's responses were either incomplete or unresponsive, to stay discovery, and to change the venue of his deposition. See [D.E. 51].

"No discovery motion will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection." Local Civ. R. 7.1(c)(2). Additionally, "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum in the manner prescribed" by the Local Civil Rules. Id. 7.1(e). Implicit in the requirement that a supporting memorandum accompany all motions is a requirement that the supporting memorandum comply with the relevant Local Civil Rules. This court's Local Civil Rules impose a 10-page limit on memoranda filed in support of motions relating to discovery disputes. See id. 26.1(d)(1). Because a supporting memorandum must accompany any motion, and the court struck Laschkewitsch's supporting memorandum for failing to comply with the court's Local Civil Rules, Laschkewitsch's motion is denied. See Mission Essential Pers., LLC v. Worldwide Language Res., Inc., No. 5:12-CV-294-D, 2013 WL 5442212, at *2 (E.D.N.C. Sept. 27, 2013) (unpublished); Higgins v. Spence & Spence, PA., No. 5:07–CV–33–D(1), 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (unpublished) (collecting cases).

III.

In sum, the court GRANTS defendant's motion to strike [D.E. 58] and DENIES plaintiff's motion to compel, to stay discovery, and to change the venue of his deposition [D.E. 51].

SO ORDERED. This 14 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge