IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-251-D

JOHN LASCHKEWITSCH,            )
                               )
                    Plaintiff, )
                               )
           v.                  )          **ORDER**
                               )
LEGAL & GENERAL AMERICA, INC., d/b/a )
BANNER LIFE INSURANCE COMPANY, )
                               )
                   Defendant.  )

On June 17, 2016, Banner Life Insurance Company ("Banner" or "defendant") requested sanctions against plaintiff John Laschkewitsch ("Laschkewitsch" or "plaintiff") for failing to appear for his deposition [D.E. 54] and filed a supporting memorandum [D.E. 55]. On July 19, 2016, Laschkewitsch responded in opposition [D.E. 74].[1] On July 20, 2016, Banner replied [D.E. 76]. As explained below, the court grants Banner's motion for sanctions.

I.

On April 18, 2016, Banner moved to compel Laschkewitsch's attendance for his deposition [D.E. 45]. On May 25, 2016, the court granted Banner's motion and ordered Laschkewitsch to sit for a deposition at a mutually agreeable time no later than June 17, 2016, at the office of Banner's counsel in Raleigh, North Carolina. See [D.E. 50]. On the day the court issued the order, Banner

---

[1] Laschkewitsch's response was untimely under this court's Local Civil Rules. See Local Civ. R. 7.1(f). He neither sought an extension for filing his response in opposition nor offered a credible explanation for his tardiness. Laschkewitsch is familiar with this court's Local Civil Rules, and the court therefore declines to consider his response. Cf. Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc., No. 5:13-CV-315-BO, 2014 WL 2587637, at *1–2 (E.D.N.C. June 10, 2014) (unpublished).

both mailed and emailed a copy of the order to Laschkewitsch and requested dates he would be available for his deposition. See Smelley Decl. [D.E. 54-1] ¶ 2. On June 2, 2016—having received no response from Laschkewitsch—Banner again attempted to contact Laschkewitsch via both mail and email regarding the court's order and requested possible dates for his deposition. Id. ¶¶ 3–4.

On June 8, 2016, Laschkewitsch responded by email regarding purported discovery disputes, staying discovery, and postponing and changing the location of his deposition "until after further production from Banner, an evidentiary hearing is held, and a signed stipulated protective order between the parties is submitted to the Court." Id. ¶ 5. Laschkewitsch's response did not include possible dates for his deposition. Banner responded that day via email, again including the language of the court's order and asking Laschkewitsch which days the following week were convenient for his court-ordered deposition. Id. ¶ 6. Rather than provide possible dates, Laschkewitsch responded that he would not appear for his deposition until the court resolved a discovery motion he anticipated filing. Id.

District courts enjoy broad discretion to impose sanctions for failure to comply with discovery orders. Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 426 (4th Cir. 1996). Such sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

2

Case 5:15-cv-00251-D    Document 99    Filed 03/14/17    Page 2 of 4

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(i)-(vii). Rule 37(b) also specifies that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. 37(b)(2)(C).

The exhibits accompanying Banner's motion for sanctions, and its earlier motion to compel, document Laschkewitsch's gamesmanship and discovery abuses related to his deposition. See [D.E. 54-1 to 54-5]; [D.E. 46-1 to 46-13]. Laschkewitsch offers no credible reason for filing this lawsuit and then evading his own deposition throughout the entire discovery period and in the face of this court's order. Rather than appear for his court-ordered deposition, Laschkewitsch filed a motion asking the court to stay discovery—after the discovery period had already ended—and requesting that the court change the venue of his deposition. See [D.E. 51]. Notably, Laschkewitsch supported his request for a change of venue with arguments the court already rejected when it ordered him to appear at his deposition in the first place.

Laschkewitsch's failure to obey the court's order and appear for his deposition left Banner empty handed notwithstanding it had "expended substantial preparation time" and "collected extensive documents it intended to use as exhibits" in questioning Laschkewitsch. Smelley Decl. ¶ 7. As a result, Laschkewitsch's conduct prejudiced Banner's preparation for filing its motion for summary judgment. Laschkewitsch has unfairly prevented Banner from obtaining discovery, and flaunted the court's order in the process.

II.

In sum, Banner's motion for sanctions [D.E. 54] is GRANTED. Going forward,

3

Laschkewitsch is prohibited from relying on his own affidavits, declarations, or testimony. Additionally, Banner is entitled to recover the reasonable expenses and attorneys' fees incurred due to Laschkewitsch's failure to attend his deposition and the necessity of obtaining this order, including, but not limited to, all such expenses and fees incurred in relation to the deposition and to the drafting and filing of Banner's motion for sanctions. Banner may submit a declaration in support of its reasonable attorneys' fees and other expenses incurred by March 31, 2017.

SO ORDERED. This 14 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge