IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-251-D

JOHN LASCHKEWITSCH,                    )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )          **ORDER**
                                       )
LEGAL & GENERAL AMERICA, INC., d/b/a   )
BANNER LIFE INSURANCE COMPANY,         )
                                       )
                    Defendant.         )

On June 24, 2016, Banner Life Insurance Company ("Banner" or "defendant") moved for

summary judgment [D.E. 60] and filed a supporting memorandum [D.E. 61], a statement of material

facts [D.E. 62], and an appendix [D.E. 63]. On June 27, 2016, the Clerk of Court notified plaintiff

John Laschkewitsch ("Laschkewitsch" or "plaintiff") of Banner's motion for summary judgment,

informed him that any response in opposition was due by July 18, 2016, and stated that failure to

respond could result in the court granting Banner's motion. See [D.E. 66]. Notwithstanding this

deadline and his knowledge of it, Laschkewitsch did not file his response in opposition to Banner's

motion until July 26, 2016, at which time he also responded in opposition to Banner's statement of

material facts. See [D.E. 82, 83].[1] On August 8, 2016, Banner replied [D.E. 87]. As explained

below, the court grants Banner's motion for summary judgment.

---

[1] Laschkewitsch never sought an extension for filing his response in opposition or offered
a credible explanation for his tardiness. Given Laschkewitsch's continued disregard for this court's
rules and procedures as shown by his repeated late filings, the court declines to consider his response
in opposition. Cf. Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc., No. 5:13-CV-315-BO,
2014 WL 2587637, at *1–2 (E.D.N.C. June 10, 2014) (unpublished).

I.

Plaintiff John B. Laschkewitsch is a former insurance agent who fraudulently attempted to profit, via numerous life-insurance policies, from the illness and death of his brother, Ben, from amyotrophic lateral sclerosis ("ALS"). See, e.g., Laschkewitsch v. Am. Nat'l Life Ins. Co., No. 5:15-CV-21-D, 2016 WL 4184422, at *1 (E.D.N.C. Aug. 5, 2016) (unpublished), appeal dismissed, No. 16-2003, 2016 WL 7378888 (4th Cir. Dec. 20, 2016) (per curiam) (unpublished); Laschkewitsch v. Lincoln Life and Annuity Distribs. Inc., 47 F. Supp. 3d 327, 333–39 (E.D.N.C. 2014), appeal dismissed, 616 F. App'x 102 (4th Cir. 2015) (per curiam) (unpublished); Reliastar Life Ins. Co. v. Laschkewitsch, No. 5:13-CV-210-BO, 2014 WL 2211033, at *4–12 (E.D.N.C. May 28, 2014) (unpublished), aff'd, 597 F. App'x 159 (4th Cir.) (per curiam) (unpublished), cert. denied, 136 S. Ct. 593 (2015). This case also involves Laschkewitsch's attempts to recover under one of those policies.

In August 2009, Laschkewitsch's brother Ben was diagnosed with ALS. Banner's Stmt. Material Facts [D.E. 62] ¶ 1; Banner App. Ex. 4 [D.E. 63-13]. Following this diagnosis, Laschkewitsch, an independent insurance agent, applied for or assisted his brother in applying for numerous life-insurance policies. Banner's Stmt. Material Facts ¶ 13. On September 22, 2009, Laschkewitsch submitted one such application to Banner. Id. ¶ 14; Banner App. Exs. 1-A [D.E. 63-1] 6–11 & 1-B [D.E. 63-1] 12–14. That application omitted Ben's diagnosis for ALS and the fact that Ben had applied for or was covered by other insurance policies. See Banner's Stmt. Material Facts ¶¶ 15–20. Although the application did not initially list Laschkewitsch as the beneficiary, Laschkewitsch later submitted a Beneficiary Change Form listing himself as the policy's beneficiary. Banner App. Ex. 1-L [D.E. 63-1] 113–14. Laschkewitsch submitted an Agent's Report as part of the application. Banner's Stmt. Material Facts ¶ 22; Banner App. Ex. 1-C [D.E. 63-1] 16–17. One

of the questions asked whether Laschkewitsch was "aware of any information that would adversely affect any Proposed Insured's eligibility, acceptability, or insurability," to which Laschkewitsch responded "No." Banner's Stmt. Material Facts ¶ 24; Banner App. Ex. 1-C.

On January 14, 2010, Banner sent Ben the policy. Banner's Stmt. Material Facts ¶ 29; Banner App Ex. 1-E [D.E. 63-1] 20–62. Although the policy's issue date was January 14, 2010, it had a backdated effective date of September 22, 2009. Banner's Stmt. Material Facts ¶ 30; Banner App. Ex. 1-E. Due to the backdated effective date, Banner required Ben to pay premiums from the policy's effective date through its issue date. Banner's Stmt. Material Facts ¶ 31; Banner App. Exs. 1-E & 14 [D.E. 63-14] ¶ 3 (Cheryl Milor declaration). Rather than pay the premiums and accept the policy, Ben requested on January 25, 2010, that Banner reissue the policy "current dated." Banner's Stmt. Material Facts ¶ 33; Banner App. Ex. 14 ¶ 4. Banner issued Ben a new policy with policy and issue dates of January 26, 2010. Banner's Stmt. Material Facts ¶ 35; Banner App. Ex. ¶ 4. Ben executed a written acknowledgment of the policy's delivery. Banner's Stmt. Material Facts ¶ 36; Banner App. Exs. 1-G [D.E. 63-1] 71–72 & 14 ¶ 5.

On January 15, 2012, Ben died. Id. ¶ 43. Over three months later, and after trying to get Banner to change the policy's issue date, Laschkewitsch submitted a claim under the policy. Id. ¶ 46; Banner App. Ex. 1-M [D.E. 63-1] 116. After months of requesting that Laschkewitsch provide the necessary documents, Banner denied the claim. Banner's Stmt. Material Facts ¶¶ 47, 64. It did so after an investigation revealed the application's misrepresentations regarding Ben's health and existing policies or applications for life insurance policies. Id. ¶ 47. In a letter denying Laschkewitsch's claim, Banner stated that "had [Ben] health been truthful on his application for insurance and disclosed his medical history, financial information, work history and other insurance, [Banner] would not have approved the issuance of this policy." Id.; Banner App. Ex. 1-N [D.E. 63-

1] 118–129.

Laschkewitsch alleges that Banner committed various torts and statutory violations in refusing the pay the proceeds to him and seeks declaratory judgment awarding him the full policy proceeds and declaring the policy incontestable. See Am. Compl. [D.E. 27] ¶¶ 1–172. In response, Banner counterclaims for fraud, breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and violations of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1 et seq., and seeks declaratory judgment declaring the policy null, void, and rescinded due to Laschkewitsch's fraud. See Ans. to Pl.'s Am. Compl. [D.E. 30] ¶¶ 1–62.

## II.

This court has subject-matter jurisdiction based on diversity jurisdiction. Thus, the court applies state substantive principles and federal procedural rules. See Erie R.R. v. Tompkins, 304 U.S. 64, 78-80 (1938); Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002). Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment must initially show an absence of a genuine dispute of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If a moving party meets its burden, the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation and emphasis omitted). A genuine issue for trial exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a

4

genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that might affect the outcome under substantive law preclude summary judgment. Anderson, 477 U.S. at 248. In reviewing the factual record, the court views the facts in the light most favorable to the nonmoving party and draws reasonable inferences in that party's favor. Matsushita, 475 U.S. at 587–88.

The court first considers whether Banner is entitled to summary judgment on Laschkewitsch's claims. The court then considers whether Banner is entitled to summary judgment on its counterclaims.

## A.

### 1.

Laschkewitsch seeks a declaration that his brother Ben died outside the policy's contestability period. See Am. Compl. ¶¶ 73–80. The policy's contestability clause states: "We will not contest this policy after it has been in force during the Insured's lifetime for two years from the Issue Date, except for failure to pay premiums." Banner App. Ex. 1-I [D.E. 63-1] 83. Laschkewitsch claims that the January 14, 2010 policy is the original policy, meaning Ben died one day after the contestability period for the January 14, 2016, policy ended. The evidence shows, however, that Ben rejected that policy and that Banner issued the operative policy on January 26, 2010. See Banner App. Ex. 14 (Cheryl Milor declaration). Ben died on January 15, 2012, within the two-year contestability period. Contrary to Laschkewitsch's contention, nothing required Banner to file suit within the two-year contestability period. See Reliastar Life Ins. Co., 2014 WL 2211033, at *7. Thus, Banner can contest the policy. See Laschkewitsch, 47 F. Supp. 3d at 338; Reliastar Life Ins. Co., 2014 WL 2211033, at *7.

2.

Laschkewitsch alleges that Banner breached the life-insurance contract by failing to pay him the policy proceeds upon Ben's death. See Am. Compl. ¶ 85. He also alleges that Banner breached a duty of good faith and fair dealing by insisting on a January 26, 2010 issue date. See id. ¶¶ 81–96.

Laschkewitsch's fraudulent misrepresentations foreclose these claims. "[M]aterial misrepresentations in an application for an insurance policy may prevent recovery on the policy." Luther v. Seawell, 191 N.C. App. 139, 144, 662 S.E.2d 1, 4 (2008). "[I]n an application for a life insurance policy, written questions and answers relating to health are deemed material as a matter of law." Ward v. Durham Life Ins. Co., 325 N.C. 202, 210, 381 S.E.2d 698, 702 (1989). As for misrepresentations unrelated to the applicant's health, "a representation in an application for an insurance policy is deemed material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract." Goodwin v. Invests. Life Ins. Co. of N. Am., 332 N.C. 326, 331, 419 S.E.2d 766, 769 (1992) (quotation omitted). Regardless of the type of misrepresentation, material misrepresentations will void an insurance policy even if made unintentionally. See Tharrington v. Sturdivant Life Ins. Co., 115 N.C. App. 123, 128, 443 S.E.2d 797, 801 (1994) (citation omitted).

The application submitted to Banner contained numerous misrepresentations and omissions concerning Ben's health. See Banner App. Ex. 1-B [D.E. 63-1] (responses to questions 19, 23(a), and 29); Banner's Stmt. Material Facts ¶ 16. These representations are material as a matter of law, entitling Banner to void the policy. See Laschkewitsch, 47 F. Supp. 3d at 336. The application also failed to disclose that Ben had applied for other insurance policies. See Banner App. Ex. 1-A [D.E. 63-1] (responses to questions 30(a), 30(c), and 31); id. Ex. 7-A [D.E. 63-7] 27–59, Ex. 7-B [D.E. 63-7] 60–90, Ex. 9 [D.E. 64-16], Ex. 10 [D.E. 64-17] (policies Laschkewitsch helped his brother

6

obtain before applying for an insurance policy from Banner); Banner's Stmt. Material Facts ¶¶ 13, 17–20. These misrepresentations are material because Banner would not have issued the policy had the application truthfully disclosed this information. Banner's Stmt. Material Facts ¶ 21; Banner App. Ex. 12 [D.E. 63-12] ¶ 8 (Sharon Jenkins Decl.). Because these misrepresentations prevent Laschkewitsch from recovering under the policy, the court grants summary judgment to Banner on Laschkewitsch's breach of contract claims. See Laschkewitsch, 47 F. Supp. 3d at 336.

3.

Laschkewitsch claims constructive fraud. See Am. Compl. ¶¶ 97–113. A claim for constructive fraud requires "(1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that plaintiff was, as a result, injured." White v. Consol. Planning, Inc., 166 N.C. App. 283, 294, 603 S.E.2d 147, 156 (2004); Sterner v. Penn, 159 N.C. App. 626, 631, 583 S.E.2d 670, 674 (2003).

Assuming without deciding that Banner had a relationship of trust and confidence with Laschkewitsch, who was not the policyholder, no genuine issue of material fact exists concerning whether Banner took advantage of any position of trust to benefit itself. It did not.

In opposition, Laschkewitsch contends that Banner took advantage of a confidential relationship between the parties by relying on policy issue date of January 26, 2010, in denying Laschkewitsch's claim and by demanding that Laschkewitsch return commissions received in connection with the policy. The evidence shows, however, that Banner relied upon the correct issue date in denying the claim and that Laschkewitsch received his commissions through fraud. Moreover, no evidence suggests that Banner "took advantage of" any relationship of trust. See Barger v. McCoy Hillard & Parks, 346 N.C. 650, 666–68, 488 S.E.2d 215, 224–25 (1997). Furthermore, the application's misrepresentations prevent Laschkewitsch from showing that

7

Banner's actions injured him. Banner was entitled to void the life insurance contract because of Laschkewitsch's misrepresentations, and Laschkewitsch cannot retain commissions he fraudulently obtained. Thus, the court grants summary judgment to Banner on Laschkewitsch's constructive-fraud claim.

4.

Laschkewitsch claims that Banner waived its right to rely on certain policy issue dates, to claim any misrepresentations of a health question, and to contest the policy. See Am. Compl. ¶¶ 114–22. Waiver can be an affirmative defense to a claim, but it is not a cause of action. See Medearis v. Trustees of Meyers Park Baptist Church, 148 N.C. App. 1, 11, 558 S.E.2d 199, 206 (2001). Thus, the court grants summary judgment to Banner on Laschkewitsch's waiver claim.

Alternatively, even if Laschkewitsch could use waiver offensively, he could not prevail due to his own unclean hands. See Laschkewitsch, 47 F. Supp. 3d at 338. Here, Banner could still rescind the contract based on the application's misrepresentations regarding existing health-insurance coverage and applications for it, a ground Laschkewitsch does not contend Banner waived. See Reliastar Life Ins. Co., 2014 WL 2211033, at *8.

5.

Laschkewitsch cites N.C. Gen. Stat. § 58-63-15(11) and claims that Banner is liable for unfair settlement practices. See Am. Compl. ¶¶ 123–24. However, no violation of section 58-63-15(11) "shall of itself create any cause of action in favor of any person other than the Commissioner" of Insurance. N.C. Gen Stat. § 58-63-15(11). Instead, "a plaintiff's remedy for violation of the unfair claim settlement practices statute is the filing of a claim pursuant to [N.C. Gen. Stat.] § 75-1.1, the unfair or deceptive practices statute." Nelson v. Hartford Underwriters Ins. Co., 177 N.C. App. 595, 608, 630 S.E.2d 221, 231 (2006). "Plaintiff might have properly pursued his claim by claiming a

8

violation of Chapter 75, but he failed to do so." <u>Laschkewitsch</u>, 47 F. Supp. 3d at 337. Thus, the court grants summary judgment to Banner on Laschkewitsch's unfair-settlement-practices claim.

Alternatively, even if Laschkewitsch could bring claims under section 58-63-15, they would fail. Laschkewitsch alleges that Banner violated section 58-63-15(11)(a), which prohibits "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue." <u>See</u> Am. Compl. ¶ 123(b). Banner allegedly misrepresented pertinent facts or provisions in two ways. First, Banner allegedly misrepresented that the policy had an issue date of January 26, 2010. Second, Banner allegedly misrepresented pertinent facts by claiming that Ben misrepresented health-related information on his application.

The court rejects Laschkewitsch's arguments. First, the evidence shows that January 26, 2010, was the operative policy's issue date. <u>See</u> Banner App. Ex. 14 (Cheryl Milor declaration). Second, Banner misrepresented nothing. Rather, Ben's application contained material misrepresentations related to his heath and other insurance policies or applications. Moreover, Banner did not misrepresent the policy's provisions by contesting an amendment titled "Health Statement," which was not attached to what Laschkewitsch maintains is the "original" policy. Rather, the evidence shows that the policy was issued on January 26, 2010, and that policy included the amendment. <u>Id.</u> ¶¶ 4–5. Thus, no misrepresentations occurred.

Laschkewitsch also alleges that Banner violated section 58-63-11(e) by "[f]ailing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed." <u>See</u> Am. Compl. ¶ 123(c). To the contrary, if anyone used "stall, delay, confuse, and refuse tactics"—as Laschkewitsch claims—it was him. Laschkewitsch waited more than three months before submitting the claim and then took more than eight months to send Banner all required documentation despite Banner's diligence in seeking it. <u>See</u> Banner's Stmt. Material Facts

9

¶ 64 (citing appendix exhibits). Once Banner had the necessary information, Banner took just six weeks to deny Laschkewitsch's claim. Id. Simply put, Banner acted on Laschkewitsch's claim within a reasonable time.

Laschkewitsch also alleges that Banner violated section 58-63-15(11)(f) by "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlement of [a] claim[] in which liability has become reasonably clear." See Am. Compl. ¶ 123(d). Banner's liability, however, was far from "reasonably clear" given that misrepresentations in the application prevented recovery under the policy.

Finally, Laschkewitsch alleges that Banner violated section 58-63-15(11)(n) by "[f]ailing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement." See Am. Compl. ¶ 123(e). Again, Laschkewitsch fails to raise a genuine issue of material fact. Banner's eleven-page denial letter provided a detailed "reasonable explanation" of its basis for denying the claim. See Banner App. Ex. 1-N [D.E. 63-1] 118–29. Banner's explanation defeats Laschkewitsch's claim. See Reliastar Life Ins. Co., 2014 WL 2211033, at *11–12. Thus, Banner is entitled to summary judgment on Laschkewitsch's unfair-settlement-practices claim.

6.

Laschkewitsch asserts that Banner engaged in unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 by (1) asking that Laschkewitsch submit documents relevant to the claim-processing process, (2) asking Laschkewitsch to return commissions he earned in relation to the policy, and (3) relying on a policy with an issue date of January 26, 2010. See Am. Compl. ¶¶ 126–36.

"In order to establish a prima facie claim for unfair trade practices, a plaintiff must show:

10

(1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). "[A] practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Gray v. N.C. Ins. Underwriting Ass'n, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000) (quotation omitted). "[A] practice is deceptive if it has the tendency to deceive." Id. "[W]hether the conduct was unfair or deceptive is a legal issue for the court." Exclaim Mktg., LLC v. DirecTV, LLC, 134 F. Supp. 3d 1011, 1019 (E.D.N.C. 2015) (quotation omitted), aff'd, No. 15-2339, 2016 WL 7479315 (4th Cir. Dec. 29, 2016) (unpublished).

Banner's actions were not unfair or deceptive. Banner relied on the policy's true issue date of January 26, 2010, an act which had no tendency to deceive Laschkewitsch because January 26, 2010, was in fact the issue date. Moreover, it was not unfair for Banner to rely on the correct issue date. Similarly, Banner did not act deceptively or unfairly in asking that Laschkewitsch return commissions he fraudulently received. Banner's requests that Laschkewitsch submit documents relevant to the claim-processing process were not deceptive or unfair, but were simply Banner's attempts to fulfill its obligations to timely make a coverage decision. Thus, the court grants Banner summary judgment on this claim.

7.

Laschkewitsch alleges undue influence. See Am. Compl. ¶¶ 137–45. "Undue influence is defined as a fraudulent influence over the mind and will of another to the extent that the professed action is not freely done but is in truth the act of the one who procures the result." Seagraves v. Seagraves, 206 N.C. App. 333, 341, 698 S.E.2d 155, 162–63 (2010) (quotation omitted). "There are four general elements of undue influence: (1) a person who is subject to influence; (2) an opportunity

to exert influence; (3) a disposition to exert influence; and (4) a result indicating undue influence." Id. (quotation omitted). The existence of undue influence "must usually be proved by evidence of a combination of surrounding facts, circumstances and inferences from which a jury could find that the person's act was not the product of his own free and unconstrained will, but instead was the result of an overpowering influence over him by another." Matter of Dunn, 129 N.C. App. 321, 328, 500 S.E.2d 99, 104 (1998).

Laschkewitsch stakes his claim of undue influence on the fact that Banner relied on a January 26, 2010 issue date and demanded that he return the commissions that he fraudulently received. Laschkewitsch, however, fails to provide evidence from which a jury could reasonably conclude that any actions he took resulted from Banner's undue influence over him. Thus, the court grants Banner summary judgment on this claim.

8.

Laschkewitsch asks that the court "hold[] Banner liable by equitable, promissory and/or quasi Estoppel." Am. Compl. ¶¶ 146–51. North Carolina courts, however, do not recognize estoppel as an affirmative cause of action. See Herring v. Volume Merch., Inc., 252 N.C. 450, 453, 113 S.E.2d 814, 816 (1960); Krawiec v. Manly, No. 15 CVS 1927, 2016 WL 374734, at *12 (N.C. Super. Jan. 22, 2016) (unpublished) (collecting cases); Deluca v. River Bluff Holdings II, LLC, No. 13 CVS 783, 2015 WL 410429, at *9 (N.C. Super. Jan. 28, 2015) (unpublished); see also Soliman v. Worldwide Language Res., Inc., No. 5:16-CV-748-D, 2016 WL 7494858, at *5 (E.D.N.C. Dec. 29, 2016) (unpublished) (collecting cases); Rudolph v. Buncombe Cty. Gov't, 846 F. Supp. 2d 461, 477 (W.D.N.C.), aff'd, 474 F. App'x 931 (4th Cir. 2012); Rice v. Vitalink Pharmacy Servs., Inc., 124 F. Supp. 2d 343, 350 (W.D.N.C. 2000). Thus, the court grants summary judgment to Banner on Laschkewitsch's estoppel claim.

12

9.

Finally, Laschkewitsch claims fraud. See Am. Compl. ¶¶ 152–72. To succeed on a fraud claim, a plaintiff must prove: "(1) [a] false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party," where "any reliance on the allegedly false representations must be reasonable." Forbis v. Neal, 361 N.C. 519, 526–27, 649 S.E.2d 382, 387 (2007). Laschkewitsch claims that Banner engaged in fraud by relying on a policy with an issue date of January 26, 2010.

The evidence demonstrates that Laschkewitsch's brother accepted the policy issued on January 26, 2010, which remained the operative policy. Thus, there was no deception. Moreover, the only injury Laschkewitsch could complain of based on this alleged fraud is not receiving the proceeds due under the policy. However, Laschkewitsch's own misrepresentations in having the policy issued to Ben prevent him from recovering under the policy.

B.

Having granted Banner summary judgment on Laschkewitsch's claims, the court now addresses Banner's request that the court grant summary judgment on its counterclaims for declaratory judgment, breach of contract, unfair and deceptive trade practices, fraud, and unjust enrichment.

1.

Banner seeks a declaration that the life-insurance policy is null, void, and rescinded due to the material misrepresentations Laschkewitsch and Ben made in the application. See Answer to Pl.'s Am. Compl. [D.E. 30] ¶¶ 59–62. Banner is entitled to summary judgment on its claim for declaratory relief for the same reasons Laschkewitsch's claim for breach of contract failed: the

13

policy application contained material representations concerning Ben's health and the existence of other life-insurance policies or applications for them. These material misrepresentations entitle Banner to a declaration that the policy is void. See Reliastar Life Ins. Co., 2014 WL 2211033, at *5–6; see also Ward, 325 N.C. at 381 S.E.2d at 702; Goodwin, 332 N.C. 326, 419 S.E.2d at 769; Luther, 191 N.C. App. 139, 662 S.E.2d at 4.

2.

Banner claims that Laschkewitsch is liable for fraud for making material misrepresentations and omissions in the policy application and his Agent's Report regarding Ben's health and other life-insurance coverage applied for or in-force on Ben's life. See Answer to Pl.'s Am. Compl.¶¶ 26–36. To state a fraud claim, a plaintiff must plausibly allege: "(1) [a] false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party," where "any reliance on the allegedly false representations must be reasonable." Forbis, 361 N.C. at 526–27, 649 S.E.2d at 387.

Viewing the evidence in the light most favorable to Laschkewitsch, he knew that Ben had recently applied for other life insurance policies. Indeed, Laschkewitsch had signed all four applications as the insurance agent. See Banner App. Ex. 7-A [D.E. 63-7] 27–59, Ex. 7-B [D.E. 63-7] 60–90, Ex. 9 [D.E. 64-16], Ex. 10 [D.E. 64-17]. Yet the application to Banner stated that Ben had no pending applications. The misrepresentations continued in Laschkewitsch's Agent Report, where he responded negatively to a question inquiring whether he was "aware of any information that would adversely affect [his brother's] eligibility, acceptability, or insurability." Id. Ex. 1-C.

The evidence shows that Laschkewitsch materially and intentionally misrepresented Ben's existing and pending insurance coverage. The misrepresentations deceived Banner into issuing a policy it otherwise would not have had the application truthfully disclosed this information, and

14

Banner suffered injury as a result, including paying Laschkewitsch commissions in the amount of $911.49, which he has not returned. See Banner's Stmt. Material Facts ¶ 62; Am. Compl. Exs. 36–40. Thus, the court grants summary judgment to Banner on its fraud claim and awards it $911.49 in damages. See Laschkewitsch, 47 F. Supp. 3d at 334; Reliastar Life Ins. Co., 2014 WL 2211033, at *10.

Banner also requests attorney's fees and costs for prevailing on its fraud claim. Under North Carolina law, "a successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 516 (E.D.N.C. 2012) (quotation omitted), aff'd, 551 F. App'x 646 (4th Cir. 2014) (per curiam) (unpublished); see Stillwell Enters., Inc. v. Interstate Equip. Co., 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). Banner cites no statute authorizing attorney's fees for claims alleging common-law fraud, and it appears that none exists. See Chatterjee v. Ivory, 791 S.E.2d 873, at *4–5 (N.C. Ct. App. 2016) (unpublished table opinion); Consoli v. Glob. Supply & Logistics, Inc., 214 N.C. App. 560, at *14, 714 S.E.2d 867, at *14 (2011) (unpublished table opinion). Nonetheless, Banner may brief the issue by the date set forth at the end of this order.

3.

Banner also alleges that Laschkewitsch breached his Agent/Broker Agreement ("Producer Agreement") with Banner by submitting the policy application with material misrepresentations. See Answer to Pl.'s Am. Compl. ¶¶ 37–44. Maryland law governs the Producer Agreement. See Banner App. Ex. 3-A [D.E. 63-3] ¶ 16. Under Maryland law, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." Taylor v. NationsBank, N.A., 365 Md. 166, 175, 776 A.2d 645, 651 (2001).

15

The Producer Agreement defined the scope of Laschkewitsch's actions as an independent agent for Banner. As part of that agreement, Laschkewitsch agreed not to commit "fraud, malfeasance, or nonfeasance in the performance of duties" and to return policies to Banner if the applicant was "not in the state of health and insurability represented in the application." Banner App. Ex. 3-A ¶¶ 12, 13(B). Laschkewitsch violated both prohibitions and breached his Producer Agreement. See Laschkewitsch, 47 F. Supp. 3d at 335–36; Reliastar Life Ins. Co., 2014 WL 2211033, at *9.

Due to Laschkewitsch's breach, Banner requests return of commissions paid to Laschkewitsch and all attorney's fees incurred to date to defend against Laschkewitsch's fraud. See [D.E. 61] 18.[2] Banner is entitled to recover the commissions. See Laschkewitsch, 47 F. Supp. 3d at 336; Reliastar Life Ins. Co., 2014 WL 2211033, at *9.

As for attorney's fees, under Maryland law, "a prevailing party is not awarded attorney's fees unless (1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution." Nova Research, Inc. v. Penske Truck Leasing Co., 405 Md. 435, 445, 952 A.2d 275, 281 (2008) (quotation omitted). Banner shall brief the issue of its entitlement to attorney's fees under Maryland law and the amount of attorney's fees it claims Laschkewitsch owes.

_____

[2] Banner also requests the return of "any death benefit caused to be paid." See [D.E. 61] 18. This request is moot, however, because Banner has not paid any such benefit, and the court has granted it summary judgment on Laschkewitsch's claims that would have caused Banner to tender the policy proceeds.

16

4.

Banner alleges that Laschkewitsch engaged in unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1. See Answer to Pl.'s Am. Compl. ¶¶ 51–58. "In order to establish a prima facie claim for unfair trade practices, a plaintiff must show: (1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Dalton, 353 N.C. at 656, 548 S.E.2d at 711.

Submitting the misleading application to Banner constituted a deceptive act in that it had the "tendency to deceive." See Gray, 352 N.C. at 68, 529 S.E.2d at 681 (2000). Laschkewitsch's actions were also "in or affecting commerce" as Laschkewitsch acted as an independent insurance agent. See Laschkewitsch, 47 F. Supp. 3d at 335. Finally, his deceptive acts caused Banner damages in the form of $911.49 in commissions paid to Laschkewitsch. Thus, the court grants summary judgment to Banner on its unfair and deceptive trade practices claim. See id. at 334–35. Accordingly, Banner is entitled to treble damages in the amount of $2,734.47. N.C. Gen. Stat. § 75-16.1; see Laschkewitsch, 47 F. Supp. 3d at 335.

Under N.C. Gen. Stat. § 75-16.1, the court has discretion to award attorney's fees to the prevailing party in a suit alleging unfair and deceptive trade practices. Although Banner requested attorney's fees in its counterclaim, it did not ask for attorney's fees in its summary-judgment briefing. Banner shall brief the issue of attorney's fees as set forth at the end of this order.

Finally, Banner claims in the alternative that Laschkewitsch was unjustly enriched by Banner paying him a commission for submitting the policy application. See Answer to Pl.'s Am. Compl. ¶¶ 45–50. Because the court has ordered that Laschkewitsch repay any commissions received, the court denies this claim as moot.

17

III.

In sum, the court GRANTS defendant's motion for summary judgment [D.E. 60]. The court AWARDS defendant $2,734.47 in damages, treble the amount of defendant's compensatory damages of $911.49. Defendants may submit a claim for costs and attorney's fees by April 6, 2017, and brief any issues associated with its entitlement to costs and attorney's fees.

SO ORDERED. This _23_ day of March 2017.

JAMES C. DEVER III
Chief United States District Judge