IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-251-D

| | | |
|---|---|---|
| JOHN LASCHKEWITSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LEGAL & GENERAL AMERICA, INC., d/b/a | ) | |
| BANNER LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

On March 23, 2017, this court granted summary judgment to Banner Life Insurance Company ("Banner" or "defendant") on plaintiff John Laschkewitsch's ("Laschkewitsch" or "plaintiff") claims and Banner's counterclaims. See [D.E. 100]. Banner now moves for attorneys' fees [D.E. 103], and Laschkewitsch moves to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure [D.E. 105]. As explained below, the court grants Banner's motion for attorneys' fees and denies Laschkewitsch's motion to alter or amend the judgment.

I.

In its order granting Banner summary judgment, the court directed Banner to brief its entitlement to attorneys' fees and costs. See [D.E. 100] 18. On April 6, 2017, Banner filed a motion for attorneys' fees [D.E. 103] and a declaration in support [D.E. 104]. On May 8, 2017, Laschkewitsch responded in opposition [D.E. 107]. On May 17, 2017, Banner replied [D.E. 111].

Banner claims that both the Agent/Broker Agreement and N.C. Gen. Stat. § 75-16.1 allow Banner to recover $144,031.65 in attorneys' fees in this action. Banner's entitlement to attorneys' fees turns on two inquiries: (1) whether the cited source authorizes an award of attorneys' fees, and if so, (2) whether the requested fees are reasonable.

A.

Laschkewitsch breached his Agent/Broker Agreement ("Producer Agreement") with Banner by submitting a policy application containing material misrepresentations. See [D.E. 100] 15–16. Maryland law governs the Producer Agreement. See id. at 15; [D.E. 103-1] 6. Under Maryland law, a prevailing party can recover attorneys' fees if "the parties to a contract have an agreement to that effect." Nova Research, Inc. v. Penske Truck Leasing Co., 405 Md. 435, 445, 952 A.2d 275, 281 (2008) (quotation omitted). Banner cites the Producer Agreement's indemnity clause as providing a right to attorneys' fees:

> The Agent/Broker shall indemnify the Company and the above named Brokerage General Agent and hold each of them harmless from any and all expenses, costs, attorneys' fees, causes of action, losses, and damages resulting or arising from unauthorized acts done by the Agent/Broker or his/her/its employees.

[D.E. 103-1] 3. The Court of Appeals in Maryland recently held that a materially indistinguishable indemnity clause contemplated an award of attorneys' fees in a first-party action brought for a breach of the agreement that contained the clause. See Bainbridge St. Elmo Bethesda Apartments, LLC v. White Flint Express Realty Grp. Ltd. P'ship, LLLP, 454 Md. 475, 478–94, 164 A.3d 978, 980–89 (2017). Banner's attorneys' fees "result[] or aris[e] from unauthorized acts done by" Laschkewitsch. Thus, the indemnity clause authorizes attorneys' fees.

Under Maryland law, Banner can recover not only fees incurred in prosecuting its breach-of-contract claim, but also fees incurred in litigating claims sharing "a common core of facts" with the breach claim. See, e.g., Ochse v. Henry, 216 Md. App. 439, 459–68, 88 A.3d 773, 785–90 (2014); Weichert Co. of Md. Inc. v. Faust, 191 Md. App. 1, 14–21, 989 A.2d 1227, 1234–38 (2010), aff'd, 419 Md. 306, 19 A.3d 393 (2011). This case revolved around Laschkewitsch's knowledge of his brother's ALS and coverage under other life-insurance policies when Laschkewitsch sent his

brother's application to Banner. Laschkewitsch's fraudulent conduct permeated all claims, counterclaims, and defenses in this case, and Banner succeeded in every respect. Moreover, the inextricable nature of all claims, counterclaims, and defenses makes apportioning fees among the breach-of-contract claim and other claims impractical. Thus, Banner can recover the attorneys' fees it incurred in this litigation.

Alternatively, N.C. Gen. Stat. § 75-16.1 allows Banner to recover its attorneys' fees. Under North Carolina law, "a successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 516 (E.D.N.C. 2012) (quotation omitted), aff'd, 551 F. App'x. 646 (4th Cir. 2014) (per curiam) (unpublished); see Stillwell Enters., Inc. v. Interstate Equip. Co., 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). In relevant part, section 75-16.1 allows a court to award "a reasonable attorney fee" to the attorney representing "the prevailing party" upon concluding that "[t]he party instituting the action knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75-16.1(2). Banner defeated Laschkewitsch's section 75-1.1 claim on summary judgment and qualifies as a prevailing party under section 75-16.1(2). See Fed. Point Yacht Club Ass'n, Inc. v. Moore, 781 S.E.2d 351, at *8 (N.C. Ct. App. 2015) (unpublished table decision); Birmingham v. H & H Home Consultants & Designs, Inc., 189 N.C. App. 435, 443, 658 S.E.2d 513, 519 (2008).

"A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of it." Blyth v. McCrary, 184 N.C. App. 654, 663 n.5, 646 S.E.2d 813, 819 n.5 (2007) (alteration, citations, and quotations omitted); see Rhyne v. K-Mart Corp., 149 N.C. App. 672, 689, 562 S.E.2d 82, 94 (2002); see also Greensboro Scuba Sch., LLC v. Robertson, 776 S.E.2d 363, at *8–9 (N.C. Ct. App. 2015) (unpublished table decision); Castle McCulloch, Inc. v.

3

Freedman, 169 N.C. App. 497, 504, 610 S.E.2d 416, 422, aff'd, 360 N.C. 57, 620 S.E.2d 674 (2005). "A claim is malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." Blyth, 184 N.C. App. at 663 n.5, 646 S.E.2d at 819 n.5 (citations and quotations omitted); see Rhyne, 149 N.C. App. at 689, 562 S.E.2d at 94. Maliciousness can develop during the course of litigation if a party persists after discovering that his claim is meritless. See Furniture Distribs., Inc. v. Software Support-PMW, Inc., No. 3:12-CV-90-GCM, 2014 WL 421913, at *2 (W.D.N.C. Feb. 4, 2014) (unpublished); Fed. Point Yacht Club Ass'n, Inc., 781 S.E.2d 351, at *10. If a plaintiff's claims are reasonably "subject to dispute and analysis," the claims are not frivolous or malicious. See RLM Commc'ns, Inc. v. Tuschen, No. 5:14-CV-250-FL, 2015 WL 1268283, at *4 (E.D.N.C. Mar. 19, 2015) (unpublished).

Just as other courts have held when faced with Laschkewitsch's fraud, the court concludes that the allegations underlying Laschkewitsch's section 75-1.1 claim were both frivolous and malicious. See Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc., 47 F. Supp. 3d 327, 337–38 (E.D.N.C. 2014); Order, Reliastar Life Ins. Co., 5:13-CV-210-BO, [D.E. 169] (E.D.N.C. Nov. 12, 2014). After losing on nearly identical claims in two previous cases, Laschkewitsch knew or should have known that he could "present no rational argument based upon the evidence or law in support" of his section 75-1.1 claims. Indeed, in each of those cases, the court concluded that Laschkewitsch's claims were frivolous yet he pressed forward in this case. As for maliciousness, Laschkewitsch's claims are wrongful and done intentionally without just cause or excuse. He defrauded Banner, and then sued Banner in order to obtain the fruits of his fraud. He then persisted in forcing Banner to defend against a claim he knew was frivolous, stonewalled discovery, and filed a myriad of meritless motions. Laschkewitsch's conduct falls squarely within section 75-16.1(2), and Banner can recover its attorneys' fees.

4

Fees awarded under section 75-16.1 typically are limited to fees related to either prosecuting or defending against section 75-1.1 claims. See Parlier v. Casteen, No. 514CV00085RLVDCK, 2016 WL 3032692, at *9 (W.D.N.C. May 26, 2016) (unpublished); McKinnon v. CV Indus., Inc., 228 N.C. App. 190, 198 n.2, 745 S.E.2d 343, 349 n.2 (2013). "However, where all of [a] plaintiff's claims arise from the same nucleus of operative facts and each claim was inextricably interwoven with the other claims, apportionment of fees is unnecessary." Whiteside Estates, Inc., v. Highlands Cove, L.L.C., 146 N.C. App. 449, 467, 553 S.E.2d 431, 443 (2001); see Philips v. Pitt Cty. Mem'l Hosp., Inc., 242 N.C. App. 456, 458–59, 775 S.E.2d 882, 884–85 (2015). As noted, all claims in this case were based on the same intertwined nucleus of facts—Laschkewitsch's fraud. Apportioning fees is unnecessary and unrealistic, and Banner can recover its attorneys' fees under section 75-16.1(2).

B.

Having awarded Banner attorneys' fees, the court addresses whether the fees requested are reasonable. In support of its fee request, Banner submitted the declaration of Hutson Smelley. See Smelley Decl. [D.E. 104]. Smelley is an attorney for Edison, McDowell & Hetherington, counsel for Banner in this case. Id. ¶¶ 1–2. Whether the court applies Maryland law or North Carolina law, the court must determine the reasonableness of the fee request. See Peter Farrell Supercars, Inc. v. Monsen, 82 F. App'x 293, 300 (4th Cir. 2003) (per curiam) (unpublished); Koontz v. Wells Fargo N.A., No. 2:10-CV-00864, 2013 WL 1337260, at *2–3 (S.D. W. Va. Mar. 29, 2013) (unpublished); Silverdeer St. John Equity Partners I LLC v. Kopelman, No. 5:11-CV-00095-JG, 2012 WL 5879752, at *1 (E.D.N.C. Nov. 21, 2012) (unpublished); CR-RSC Tower I, LLC v. RSC Tower I, LLC, 429 Md. 387, 465–66, 56 A.3d 170, 217 (2012).

Under both North Carolina and Maryland law, a court examines several factors to determine

whether the requested attorneys' fees are reasonable: (1) the time and labor expended; (2) the skill required; (3) the customary fee for similar work in the locality; (4) the opportunity costs to the attorney in terms of precluding other employment by the attorney; (5) the experience, reputation, and ability of the attorney; (6) the novelty and difficulty of the questions of law; (7) the adequacy of representation in terms of the amount involved and the results obtained; and (8) the difficulty of the problems faced by the attorney, especially any unusual difficulties. See Silverdeer St. John Equity Partners I LLC, 2012 WL 5879752, at *1; United Labs., Inc. v. Kuykendall, 335 N.C. 183, 195, 437 S.E.2d 374, 381–82 (1993); GE Betz, Inc. v. Conrad, 231 N.C. App. 214, 244, 752 S.E.2d 634, 655 (2013); Ehrenhaus v. Baker, 216 N.C. App. 59, 96–97, 717 S.E.2d 9, 33–34 (2011); Williams v. Randolph, 94 N.C. App. 413, 426, 380 S.E.2d 553, 561 (1989); see also CR-RSC Tower I, LLC, 429 Md. at 465, 56 A.3d at 217; Md. Lawyers' R. of Prof'l Conduct 1.5. Not every factor is relevant in every case.

The court has reviewed Smelley's declaration and supporting documentation, which includes meticulous billing records. See [D.E. 104-2]. The hourly rates charged and hours expended are reasonable. See Smelley Decl. ¶¶ 3, 8–9; Order, Laschkewitsch v. Am. Nat'l Ins. Co., No. 5:15-CV-21-D [D.E. 55] 9–10 (E.D.N.C. July 27, 2017). In making this finding, the court has considered the experience of Banner's attorneys, the adequacy of their representation, the results obtained, and the difficulties that Laschkewitsch's numerous meritless filings and stonewalling caused. In light of the record and governing law, the court awards Banner $144,031.65 in attorneys' fees.

II.

On April 20, 2017, Laschkewitsch moved to alter or amend the judgment [D.E. 105] and filed a memorandum in support [D.E. 106]. See Fed. R. Civ. P. 59(e). On May 4, 2017, Banner responded in opposition [D.E. 108]. On May 25, 2017, Laschkewitsch replied [D.E. 112].

6

The court has considered Laschkewitsch's motion under the governing standard. See, e.g., Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hutchinson v. Staton, 994 F.2d 1076, 1081–82 (4th Cir. 1993). The motion lacks merit and is denied.

### III.

In sum, the court GRANTS Banner's motion for attorneys' fees [D.E. 103] and AWARDS Banner $144,031.65 in attorneys' fees. The court DENIES Laschkewitsch's motion to alter or amend the judgment [D.E. 105]. The clerk shall close the case.

SO ORDERED. This 1 day of November 2017.

JAMES C. DEVER III
Chief United States District Judge